# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ASW LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-86-TLS |
| | ) | |
| FREDERICK BISSON, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion to Administratively Close Proceedings [ECF No. 18], filed on November 28, 2018. The parties request that the Court administratively close the case and ask that the Court retain jurisdiction if the Defendants default on obligations pursuant to the Settlement Agreement. (Joint Mot. ¶¶ 14, 16.)

## STANDARD OF REVIEW

There are at least two kinds of stipulated resolutions of civil actions that parties may pursue. First, a plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) is as of right, and deprives the Court of jurisdiction when filed. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Generally, this kind of dismissal is without prejudice unless the parties specify otherwise. Fed. R. Civ. P. 41(a)(1)(B). Stipulations of dismissal thus provide litigants with a flexible tool to negotiate their disputes and cease litigation whenever they wish, determining for themselves, without need to consult the court, when the litigation will terminate and whether the plaintiff will be precluded from renewing his suit at a future time. The parties can also request under Fed. R.

Civ. P. 41(a)(2) that the Court, within its discretion, dismiss a part of the action but not all of it – as has happened here, in the parties requesting dismissal of some but not all of the claims.

Second, the parties may request a consent judgment as a means of concluding the litigation. While a stipulated dismissal is an agreement by the parties ending the court's jurisdiction, a consent judgment is a discretionary exercise by the court of that jurisdiction in the form of an order that adopts and endorses with the court's authority the settlement agreement of private parties. *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) (a consent judgment "is a court order that embodies the terms agreed upon by the parties as a compromise to litigation"); *Schurr v. Austin Galleries of Ill., Inc.*, 719 F.2d 571, 574 (2d Cir. 1983) (describing a consent judgment as "an agreement of the parties entered upon the record with the sanction and approval of the court"). A consent judgment, if granted, thus involves the court in continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings. *See Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987) (explaining that a consent judgment is "an exercise of federal power, enforceable by contempt"). As a consent judgment requires the Court to expend time and resources to supervise a private settlement agreement, in choosing whether such a judgment should issue, the Court considers: 1) whether the proposed judgment is consistent with the law, 2) does not harm the legitimate interest of third parties, and 3) is "an appropriate commitment of the court's limited resources." *Id.,* at 338. Unlike a stipulated dismissal, which parties may take as of right, litigants wishing the Court to issue a consent judgment must argue why the judgment should issue, and cannot expect the Court unreflectively to endorse their agreement with the full authority of the federal judiciary. *See, e.g.*, *N.L.R.B. v. Brooke Indus., Inc.*, 867 F.2d 434, 436 (7th Cir. 1989) (parties were "incorrect to

contend that [the judge had] no choice but to rubber stamp their proposal" by issuing a consent judgment).

## ANALYSIS

In this case, the parties ask the Court to administratively close the case, pending the reopening of the case if the parties fail to adhere to the Settlement Agreement. Therefore, the Court construes the parties' request as a request for a consent judgment. As stated above, consent judgments may be granted by the Court if the judgment is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources. *See Kasper*, 814 F.2d at 338. The parties have not provided reasons why a consent judgment is more appropriate in this case than a stipulated dismissal, and no reason why a consent judgment would be an "appropriate commitment of the court's limited resources." *Id*.

Thus, the Court TAKES UNDER ADVISEMENT the parties' Joint Motion to Administratively Close Proceedings [ECF No. 18]; and orders that, by January 7, 2019, the parties either file a stipulated dismissal as of right pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), dismissing the entire action and signed by all the parties' representatives, or brief for the Court why a consent judgment would be consistent with the law, would not cause harm to the legitimate interest of third parties, and is an appropriate commitment of the court's limited resources.

SO ORDERED on December 7, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT